**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| U.S. Bank NA,<br>Petitioner,<br>v.<br>David Y Smith,<br>Respondent. | No. CV-26-00430-PHX-DWL<br>**ORDER** |

In January 2026, Petitioner initiated this action by filing a petition to confirm an arbitration award. (Doc. 1.) The petition alleges that subject-matter jurisdiction exists for two reasons: *first*, "there is complete diversity of citizenship and the amount in controversy exceeds $75,000"; and *second*, "pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq." (*Id.* ¶ 3.)

The latter assertion is incorrect—the FAA does not supply subject-matter jurisdiction over a petition to confirm an arbitration award. *Tesla Motors, Inc. v. Balan*, 134 F.4th 558, 560 (9th Cir. 2025) ("[I]t is uncontested by the parties that federal question jurisdiction does not apply, because the [FAA] bestows no federal jurisdiction but rather requires that parties seeking relief under the FAA establish an independent jurisdictional basis for a federal court's jurisdiction. In particular, the Supreme Court has made clear that a petitioner seeking to confirm or vacate an arbitration award must have a jurisdictional basis separate from the FAA's authorization of a petition which does not itself create jurisdiction. This is because an arbitration award is no more than a contractual resolution

of the parties' dispute—a way of settling legal claims. Thus, for federal question jurisdiction to attach in a suit brought under the FAA, the complaint must include an averment under federal law other than Sections 9 or 10 of the FAA. The application here fails to satisfy this requirement, so Tesla is left to argue that the district court had diversity jurisdiction to confirm the award.") (cleaned up).

As for diversity jurisdiction, although the petition sufficiently alleges that Petitioner is a citizen of Delaware and Minnesota and that the amount in controversy exceeds $75,000 (Doc. 1 ¶¶ 1, 3, 18), the petition's sole allegation regarding Respondent's citizenship is as follows: "Respondent David Y. Smith ('Smith') is an Arizona resident, currently residing in Arizona State Prison in Florence, Arizona, in Pinal County." (*Id.* ¶ 2.) This allegation is insufficient. "It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the . . . courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purposes of jurisdiction." *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905). "To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted). *See also McGillvary v. Netflix, Inc.*, 2026 WL 1831010, *2 (C.D. Cal. 2026) ("Although Plaintiff was physically present in New Jersey when he filed this lawsuit in February 2023, he was there because he was incarcerated. The Ninth Circuit has not yet addressed whether a prisoner can establish domicile in his place of incarceration for purposes of federal diversity jurisdiction. However, the majority of Federal Courts of Appeal have adopted a rebuttable presumption that a prisoner retains residency in the place where he lived prior to incarceration for the purposes of diversity jurisdiction.") (cleaned up).

Petitioner must file an amended petition that rectifies this deficiency.

Accordingly,

**IT IS ORDERED** that by September 8, 2026, Petitioner shall file an amended petition establishing the relevant jurisdictional facts, as described in this order.

**IT IS FURTHER ORDERED** that if Petitioner fails to timely file an amended petition, the Clerk of the Court shall dismiss this case, without prejudice, for lack of subject-matter jurisdiction.

Dated this 31st day of August, 2026.

Dominic W. Lanza
United States District Judge